**Evelyn LOPEZ, Plaintiff—Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 07–35202.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2009.*

Filed May 20, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Evelyn Lopez, Albany, OR, pro se.

Richard M. Rodriguez, Esq., Michael McGaughran, Esq., Social Security Admin-

** This disposition is not appropriate for publication and is not precedent except as provid-

istration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Evelyn Yvonne Lopez appeals pro se from the district court's judgment affirming the Commissioner's denial of her application for supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision in a social security case de novo. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

■ The Administrative Law Judge ("ALJ") provided specific, cogent reasons for his determination that Lopez was not credible. *See id.* The ALJ stated that there was evidence raising the possibility of malingering and that Lopez's allegations regarding her impairments and limitations were not credible in light of the information found in the medical reports and other evidence in the record. The ALJ pointed to specific evidence in the record supporting these conclusions.

■ Additionally, the ALJ provided clear and convincing reasons for the rejection of the opinion of Lopez's examining physician, Dr. Smolen, and those reasons were supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996). As the ALJ stated, Dr. Smolen relied on Lopez's assertions. However, the ALJ determined Lo-

ed by 9th Cir. R. 36–3.

646

pez was not credible and thus, was free to disregard Dr. Smolen's opinion. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001) (holding that when the record supports the ALJ's discounting of the claimant's credibility, the ALJ is free to disregard a doctor's opinion premised on the claimant's subjective complaints).

Finally, when determining whether Lopez could perform any work that existed in the national economy, the ALJ was not required to adopt Dr. Smolen's limitations. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1164–65 (9th Cir.2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

**AFFIRMED.**